## City of Dayton v. Lowndes.

(Decided March 20, 1917.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Streets—Sidewalks—Unsafe Condition—
Question for Jury.—Where, at the intersection of two streets,
the curbing, which is perpendicular to, and a part of, the side-
walk, projects two inches above the sidewalk and just beyond
the curbing there is a deep gutter in the street, it is a question
for the jury whether the city exercised ordinary care to maintain
the sidewalk and curbing in a reasonably safe condition.

2. Municipal Corporations—Streets—Sidewalks—Personal Injury—
Instructions.—An instruction telling the jury that it was the duty
of a city to use ordinary care to keep its highways, including the
curbing, in a reasonably safe condition for use by pedestrians, and
that if they believed from the evidence that at the time mentioned
in the proof the sidewalk and curbing were in a dangerous con-
dition by reason of the elevation of the curbing above the line
of the sidewalk, and that such condition, if it existed, was known
to the defendant or any of its agents, or could have been known
to them by the exercise of ordinary care in time to have remedied
the condition before the accident, they should find for the plaintiff,
etc., is not subject to the complaint that the jury were given full
rein to pass on the sufficiency, not only of the curbing, but of the
sidewalk and highways, when the only negligence relied on was
the unsafe condition of the curbing, since a recovery was author-
ized only in the event that the jury believed that the sidewalk
and curbing were in a dangerous condition by reason of the ele-
vation of the curbing above the line of the sidewalk.

E. E. KELLY and KELLY & REGENSTEIN for appellant.

BLAINE McLOUGHLIN and FRANK SPITZLBERGER for ap-
pellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

In this action for damages for personal injuries,
plaintiff, Mrs. Louise Lowndes, recovered of defendant,
city of Dayton, a verdict and judgment for $548.00. The
city appeals.

The accident occurred about nine o'clock P. M. on
Sunday, November 1, 1914, at the intersection of Berry
and Third streets. Berry street runs north and south,
while Third street runs east and west. Plaintiff lived
on the west side of Third street. Her neighbor, Mrs.
Boehmer, who lived on the south side of Berry street,

had been spending the evening with her. Mrs. Boehmer being quite old, plaintiff undertook to escort her home. They proceeded along Third street until they reached the southeast corner of Third and Berry. Plaintiff claims that, in attempting to cross Berry street, her foot caught on the curbing in the crossing, thereby causing her to fall into the gutter and receive the injuries of which she complains. Her testimony is to the effect that the curbing at the place of the accident projects above the sidewalk for a distance of about two inches. On the other hand, the testimony for the defendant is that the height of the projection does not exceed an inch or an inch and a half.

The principal ground urged for reversal is that the evidence fails to show that the sidewalk was not in a reasonably safe condition. In this connection it is argued that the city was not required to have its sidewalk absolutely safe, but was merely under the duty to use ordinary care to maintain the sidewalk in a reasonably safe condition. That being true, there must be some point short of perfection when the court should hold, as a matter of law, that there was no failure of duty on the part of the city, and this point is reached when the curbing does not project more than two inches above the sidewalk. If the accident had happened while plaintiff was attempting to leave Third street at a point before the corner was reached, and at a place where the curbing was parallel with the sidewalk, there might be some merit in this contention. As the case was presented, however, the projecting curb was perpendicular to, and in the line of, the sidewalk, and it was necessary to step over the curbing in order to reach and cross over Berry street. Just beyond the curbing was a deep, uncovered gutter. The mere attempt to step with one foot to the street would leave the remaining foot on the other side of the projection and, therefore, increase the chance of that foot's coming in contact with the projection. In view of these circumstances, it was for the jury to say whether or not the defendant exercised ordinary care to keep and maintain the sidewalk and curbing in a reasonably safe condition.

In its instructions the trial court told the jury, in substance, that it was the duty of the defendant to use ordinary care to keep its highways, including the curbing at the southeast corner of Third and Berry streets,

in a reasonably safe condition for use by pedestrians, and that if they believed from the evidence that at the time mentioned in the proof the sidewalk and curbing at said place were not in a reasonably safe condition, but were in a dangerous condition by reason of the elevation of the curbing above the line of the sidewalk, and that such condition, if it existed, was known to the defendant or any of its agents, or could have been known to them by the exercise of ordinary care in time to have remedied the condition before the accident, they should find for the plaintiff, etc. Complaint is made of this instruction because of the use of the words "highways," "sidewalk," and "curbing," it being insisted that the jury were given full rein to pass on the sufficiency, not only of the curbing, but of the sidewalk and highways, when the only negligence relied on was the unsafe condition of the curbing. We find no merit in this contention, in view of the fact that a recovery was authorized only in the event that the jury believed that the sidewalk and curbing were in a dangerous condition by reason of the elevation of the curbing above the line of the sidewalk. Clearly, if the curbing was too high, the sidewalk itself was thereby rendered unsafe, and this was the question which the jury was called upon to decide.

Other errors are relied on, but we do not deem them of sufficient importance to merit discussion.

Judgment affirmed.